UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| BRIAN D. JONES, #252627, | ) |
| Plaintiff, | ) Case No. 1:11-cv-336 |
| v. | ) Honorable Paul L. Maloney |
| CAROL HOWES, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The event giving rise to this lawsuit is plaintiff's transfer from the Lakeland Correctional Facility (LCF) on January 5, 2010. Plaintiff alleges that Warden Carol Howes and Deputy Warden Bonita Hoffner transferred him to another prison in retaliation for protected speech in violation of his First Amendment rights. Plaintiff sues defendants in their individual and official capacities. He seeks damages and injunctive relief.

The matter is before the court on defendants' motions for summary judgment. (docket #s 8, 25). Plaintiff has filed his response (docket #s 16, 17, 38, 50-51). For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief be dismissed as dismissed as moot. I further recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motions for summary judgment be denied.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Gecewicz v. Henry Ford Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543,

549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

## Discussion

### 1.     Mootness

Plaintiff is an inmate at the Cooper Street Correctional Facility (JCS).  (docket # 57). Defendants Howes and Hoffner are employed by the State of Michigan at the Lakeland Correctional Facility (LCF).  Plaintiff's claims for injunctive relief against defendants are moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### 2.     Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity.  The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).  A suit against a state officer in her official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).  Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will*, 491 U.S. at 71.

### 3. Summary Judgment Motions

Plaintiff alleges that defendants violated his First Amendment rights when they transferred him to another prison in retaliation for speech he claims was constitutionally protected. The affidavits defendants filed in support of their motions for summary judgment (docket #s 9-2, 26-2) are patently deficient. Defendants provide vague denials of bad motive. A jury presented with this testimony would be unable to discern why plaintiff was transferred or what conduct defendants deemed "detrimental to the safety and security of the facility" and the "safety and security of the dog rescue program." (*Id.*). This nonspecific testimony is insufficient to satisfy defendants' initial burden of showing the absence of a triable issue of fact.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief be dismissed as moot. I further recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motions for summary judgment (docket #s 8, 25) be denied.

Dated:  September 25, 2012         /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474

U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).