UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN JONES #252627, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. 1:11-cv-336 |
| | ) | |
| CAROL HOWES and | ) | HONORABLE PAUL L. MALONEY |
| BONITA HOFFNER, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

In this case, Plaintiff Brian Jones brings a civil-rights claim against the Warden and Deputy Warden of the Lakeland Correctional Facility (LCF), where Mr. Jones was incarcerated before he was transferred to another prison. Mr. Jones argues that he was transferred in retaliation for protected speech he had made regarding alleged racial discrimination regarding a dog-rescue program at LCF. This retaliatory transfer, Mr. Jones argues, violates his First Amendment rights. Defendants have both filed motions for summary judgment (ECF Nos. 8, 25), and Mr. Jones has responded to each (ECF Nos. 16–17, 38–39, 50–51). On review of these filings, Magistrate Judge Scoville issued a Report and Recommendation that the motions be granted in part and denied in part. (ECF No. 58.) In particular, Judge Scoville recommended that Mr. Jones's claims for injunctive relief be dismissed as moot and that his damages claims against Defendants in their official capacity be dismissed as barred by Eleventh Amendment immunity. Otherwise, the magistrate judge found, Defendants' motions failed to meet their initial burden and should be denied. (*Id.*)

Before the court today are Defendants' timely objections to the magistrate judge's Report and Recommendation. (ECF No. 59.)

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations

in a magistrate judge's report and recommendation ("R&R").  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to object to an issue waives that issue, along with the party's right to appeal that issue.  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## DISCUSSION

To establish First Amendment retaliation, Mr. Jones must establish three elements: (1) that he engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) that the adverse action was motivated at least in part by the plaintiff's protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  The key issue here is causation, the third element.  Defendants admit that they, as the moving party, bore the initial burden to show that there is no genuine issue of material fact on this issue.  They argue, however, that their motions and supporting affidavits adequately "point out" that there is no evidence to support Mr. Jones's claim.  In particular, Defendants point to their affidavits as showing that Mr. Jones would have been transferred "regardless of [his] protected conduct."  They dispute the magistrate judge's characterization of those affidavits as vague, instead asserting that "[t]he non-retaliatory reasons were, in fact, rather specific."

A closer review of the affidavits at issue is instructive. In relevant part, Defendant Hoffner's affidavit states:

> I recall that staff had expressed concerns regarding Prisoner Jones'[s] behavior and how Mr. Jones appeared to be conducting himself in a manner that was detrimental to the safety and security of the dog rescue program. Mr. Jones had made claims about racial discrimination that were not substantiated by any staff.
>
> Some time after that incident, staff at the Chippewa Correctional Facility (URF) approached our transfer coordinator to try and send a prisoner from their facility to LCF. It was felt that it would be a good opportunity for Mr. Jones to be transferred out of LCF. The move would allow Mr. Jones to get a chance for a fresh start at another facility.
>
> I believe that the decision to accommodate the transfer was made for many reasons includ[ing]: meeting the program needs of the person who needed to be transferred into LCF, meeting the best interests of the facility and the population who resided at LCF as well as securing the integrity of the dog rescue program.

(ECF No. 9-2, ¶¶ 3–5.) Defendant Howes's affidavit states, in relevant part:

> I received information from staff that had expressed concerns regarding prisoner Jones'[s] behavior and how he appeared to be conducting himself in a manner that was detrimental to the safety and security of the facility. Therefore, when the staff at the Chippewa Correctional Facility ("URF") approached our transfer coordinator at LCF to try and send a prisoner to LCF, it was felt that it would provide an excellent opportunity for Mr. Jones to get a fresh start at another facility.
>
> The collective decision to accommodate the transfer, [sic] was made in the best interest of the facility, the population who resided at LCF, the dog rescue program, as well as meeting the program needs of the person who needed to be transferred to LCF, and not in retaliation.

(ECF No. 26-2, ¶¶ 4–5.)

If anything, the magistrate judge was too kind to these affidavits. Both refer only to unexplained "concerns" about behavior that staff considered "detrimental to the safety" of the

3

facility and/or the dog rescue program. These concerns may well have been with Mr. Jones's allegedly protected speech; the affidavits do not say. Indeed, their repeated references to the dog rescue program only make such an inference more reasonable. Without further detail about staff members' concerns, these assertions do nothing to show that Defendants did not retaliate against Mr. Jones for speaking out about the dog rescue program.

Similarly, the assertions that Mr. Jones was transferred for a number of reasons, including "securing the integrity of the dog rescue program" and for "the best interest of . . . the dog rescue program," hardly show that Mr. Jones would have been transferred regardless of his allegedly protected speech. As far as the court can see, the only actions Mr. Jones took regarding the dog program was to participate in it and then to criticize its alleged racial bias. There is no evidence that Mr. Jones's mere participation in the program created a risk to its integrity. Thus, on the record now before the court, the only remaining potential threat to the program was Mr. Jones's criticism. Far from rebutting the claim that they transferred Mr. Jones at least in part because of his speech, Defendants' affidavits actually support such an inference. In light of this, Ms. Howes's flat statement that Mr. Jones was not retaliated against is unavailing.

Defendants cannot meet their initial burden on summary judgment by merely presenting an affidavit; that affidavit must actually "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). These affidavits seem to do the opposite. Defendants' objections are therefore OVERRULED.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 58) is **ADOPTED**, over objections, as the opinion of this court. Defendants' motions for summary judgment (ECF Nos. 8, 25) are hereby **GRANTED IN PART AND DENIED IN PART**:

(1) Plaintiff Jones's claims for injunctive relief are **DISMISSED** as moot;

(2) Plaintiff Jones's claims for monetary damages against Defendants in their official capacities are **DISMISSED**; and

(3) Defendants' motions for summary judgment are otherwise **DENIED**.

**IT IS SO ORDERED.**

Date:  October 25, 2012         /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge